**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter ___11___

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy       06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Channel Control Merchants, LLC |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | Channel Control Merchants, Dirt Cheap, Treasure Hunt, Dirt Cheap Building Supplies |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 20-5053319 |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | 6892 US Hwy 49 North, Hattiesburg, MS 39402 <br> Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | Forrest County <br> County | **Location of principal assets, if different from principal place of business** |
| | | | Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https://www.ccmllc.com/ |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

Debtor   Channel Control Merchants, LLC                                          Case number (if known) _____
      Name

**7.  Describe debtor's business**   A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**4552**

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**   *Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒ No.

☐ Yes.

| District _____ | When _____ | Case number _____ |
| District _____ | When _____ | Case number _____ |

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☒ Yes.

List all cases. If more than 1, attach a separate list

| Debtor   See Schedule 1 | | Relationship _____ |
| District _____ | When _____ | Case number, if known _____ |

Debtor    Channel Control Merchants, LLC                                    Case number (if known) _____
          Name

**11. Why is the case filed in**     *Check all that apply:*
**this district?**

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or**    ☒ No
**have possession of any**
**real property or personal**    ☐
**property that needs**    Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.
**immediate attention?**

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐
Yes.    Insurance agency _____

Contact name _____

Phone _____

---

**⬛ Statistical and administrative information**

**13. Debtor's estimation of**    .    *Check one:*
**available funds**

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of**    ☐ 1-49    ☐ 1,000-5,000    ☐ 25,001-50,000
**creditors**    ☐ 50-99    ☐ 5001-10,000    ☐ 50,001-100,000
**(on a consolidated basis)**    ☐ 100-199    ☐ 10,001-25,000    ☐ More than100,000
                                ☒ 200-999

---

**15. Estimated Assets**    ☐ $0 - $50,000    ☐ $1,000,001 - $10 million    ☐ $500,000,001 - $1 billion
**(on a consolidated basis)**    ☐ $50,001 - $100,000    ☐ $10,000,001 - $50 million    ☐ $1,000,000,001 - $10 billion
                                ☐ $100,001 - $500,000    ☐ $50,000,001 - $100 million    ☐ $10,000,000,001 - $50 billion
                                ☐ $500,001 - $1 million    ☒ $100,000,001 - $500 million    ☐ More than $50 billion

---

**16. Estimated liabilities**    ☐ $0 - $50,000    ☐ $1,000,001 - $10 million    ☐ $500,000,001 - $1 billion
**(on a consolidated basis)**    ☐ $50,001 - $100,000    ☐ $10,000,001 - $50 million    ☐ $1,000,000,001 - $10 billion
                                ☐ $100,001 - $500,000    ☐ $50,000,001 - $100 million    ☐ $10,000,000,001 - $50 billion
                                ☐ $500,001 - $1 million    ☒ $100,000,001 - $500 million    ☐ More than $50 billion

---

Debtor    Channel Control Merchants, LLC                                    Case number (if known) _____
          Name

████████  **Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **10/10/2024**
               MM / DD / YYYY

**X** **/s/ Jeffrey Martin**                                    **Jeffrey Martin**
    Signature of authorized representative of debtor            Printed name

Title    **Chief Restructuring Officer**

**18. Signature of attorney**

**X** **/s/ Andrew L. Magaziner**                    Date    **10/10/2024**
    Signature of attorney for debtor                          MM / DD / YYYY

**Andrew L. Magaziner**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square**
**1000 N. King Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone    **(302) 571-6600**    Email address    **amagaziner@ycst.com**

**5426 (DE)**
Bar number and State

**Schedule 1**

Pending Bankruptcy Cases Filed by the Affiliated Entities

On the date hereof, each of the affiliated entities listed below (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). Contemporaneous with the filing of their voluntary petitions, the Debtors filed a motion requesting that the Court jointly administer their chapter 11 cases for administrative purposes only.

| Entity Name | Federal Employer Identification Number (EIN) |
|---|---|
| HDC Holdings II, LLC | 20-0262013 |
| HDC Holdings III, LLC | 37-1863296 |
| CCM Capital Assets, LLC | 20-0219451 |
| Channel Control Merchants, LLC | 20-5053319 |
| Dirt Cheap I, LLC | 20-0219433 |
| CCM Support Services, LLC | 20-1902059 |
| CCM Wholesale SE, LLC | 27-3677219 |
| Channel Control Merchants of Texas, LLC | 80-0898091 |
| Creative Sales Solutions, LLC | 27-0891691 |
| Dirt Cheap Arkansas, LLC | 47-1870244 |
| Dirt Cheap Building Supplies, LLC | 27-2270880 |
| Dirt Cheap of Georgia, LLC | 81-2680269 |
| Dirt Cheap of Louisiana, LLC | 47-3470067 |
| Dirt Cheap SE, LLC | 37-1714928 |
| Dirt Cheap Tennessee, LLC | 90-0941273 |
| Treasure Hunt, LLC | 20-0219393 |
| CCM Wholesale, LLC | 27-3677219 |

| | |
|---|---|
| Channel Control Merchants of California, LLC | 45-4509011 |
| CAL Support Services, LLC | 46-1342859 |

**EXECUTION VERSION**

**WRITTEN CONSENT OF THE MANAGERS, AS APPLICABLE,
OF HDC HOLDINGS II, LLC, HDC HOLDINGS III, LLC, AND
OF EACH COMPANY SET FORTH ON <u>SCHEDULE I</u>**

October 8, 2024

The undersigned, constituting (i) the sole manager (the "<u>HDC II Manager</u>") of HDC Holdings II, LLC, a Delaware limited liability company ("<u>HDC II</u>"), (ii) the sole manager (the "<u>HDC III Manager</u>") of HDC Holdings III, LLC, a Delaware limited liability company ("<u>HDC III</u>"), and (iii) the manager (the "<u>Schedule I Manager</u>" and collectively, with the HDC II Manager and the HDC III Manager, the "<u>Managers</u>") of each entity listed on Schedule I hereto (the "<u>Schedule I Entities</u>" and collectively, with HDC II and HDC III, the "<u>Companies</u>") hereby take the following actions and adopt, approve, and consent to the following resolutions by written consent as of the date hereof:

**WHEREAS**, management of the Companies is vested in the Managers pursuant to the limited liability company agreements of the each of the Companies (the "<u>LLC Agreements</u>") and Section 18-402 of the Delaware Limited Liability Company Act (the "<u>Act</u>");

**WHEREAS**, pursuant to the LLC Agreements and Section 18-404 of the Act, the Managers of the respective Companies are authorized to take any action, required or permitted to be taken at a meeting of the Managers, without a meeting, if the Managers consent to the action in writing describing the action taken, signed by the Managers;

**WHEREAS**, the Managers have reviewed and considered the financial and operational condition of the Companies, and the Companies' business on the date hereof, including the assets of the Companies, and current and long-term liabilities of the Companies, and the recommendations of the Companies' legal and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding for the Companies under the provisions of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>");

**WHEREAS**, the Managers have determined that it is in the best interests of the Companies and the Companies' respective stakeholders, creditors, and other interested parties to commence a case under the provisions of chapter 11 of the Bankruptcy Code, and the Managers of the Companies have consented to the filing of voluntary petitions under the provisions of chapter 11 of the Bankruptcy Code;

**NOW THEREFORE, BE IT:**

**APPOINTMENT OF CRO**

**RESOLVED**, that Jeffery Martin of Mosaic Growth Partners ("<u>MGP</u>") is hereby appointed as Chief Restructuring Officer ("<u>CRO</u>") of each of the Companies and shall serve until such time as Mr. Martin's successor shall be duly elected and qualified or until Mr. Martin's earlier death, resignation, or removal as provided for in the respective LLC Agreements or equivalent organizational documents of the Companies; and it is

## COMMENCEMENT OF CHAPTER 11 CASES

**FURTHER RESOLVED**, that, in the judgment of the Managers, after consultation with the management and the legal and financial advisors of the Companies, it is desirable and in the best interests of the Companies and the Companies' respective creditors, stakeholders, members, and other parties in interest that the Companies commence bankruptcy proceedings (collectively, the "Chapter 11 Cases") by filing voluntary petitions (the "Petitions") for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and it is

**FURTHER RESOLVED,** that the form, terms, and provisions of, the execution, delivery, and filing of, and the performance of the transactions and obligations contemplated by the Petitions be, and hereby are, authorized, approved, and adopted in all respects and the CRO (the "Authorized Officer") be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Companies, (i) to execute and verify the Petitions and all documents ancillary thereto, to cause such Petitions to be filed in the Bankruptcy Court, and to make or cause to be made prior to the execution thereof any modifications to such Petitions or ancillary documents and (ii) to execute, verify, and file or cause to be filed all other petitions, schedules, lists, motions, applications, declarations, affidavits, and other papers or documents necessary, appropriate, advisable, or desirable in connection with the foregoing, with such changes, additions, and modifications thereto as the Authorized Officer executing the same shall approve, the taking or execution thereof by the Authorized Officer being conclusive evidence of the approval thereof by the Authorized Officer and the applicable Companies; and it is

## CHAPTER 11 PROFESSIONALS

**FURTHER RESOLVED,** that, in connection with the Chapter 11 Cases, the Authorized Officer, in each case, be, and hereby is, authorized, empowered, and directed, with full power of delegation, in the name of and on behalf of the Companies, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals which the Authorized Officer deems necessary, appropriate, advisable, or desirable in connection with the Chapter 11 Cases and the transactions contemplated thereby (such acts to be conclusive evidence that the Authorized Officer deemed the same to meet such standard); and it is

**FURTHER RESOLVED**, that the firm Young Conaway Stargatt & Taylor, LLP ("Young Conaway") be and hereby is, authorized, directed, and empowered to represent the Companies as bankruptcy counsel to represent and assist the Companies in carrying out the Companies' duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights, including the preparation of pleadings and filings in the Chapter 11 Cases; and in connection therewith, the Authorized Officer be, and, with power of delegation, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Companies to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is

**FURTHER RESOLVED**, that the firm Epiq Corporate Restructuring, LLC ("Epiq") be and hereby is, authorized, directed, and empowered to serve as the notice, claims, solicitation, and

2

balloting agent and administrative advisor to assist the Companies in carrying out the Companies' duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, the Authorized Officer be, and, with power of delegation, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Companies to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Epiq; and it is

**FURTHER RESOLVED**, that MGP, be and hereby is, authorized, directed, and empowered to provide the Companies with a chief restructuring officer and support personnel to represent and assist the Companies in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, the Authorized Officer be, and, with power of delegation, hereby is, authorized, directed, and empowered to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate motion to retain the services of MGP in the Bankruptcy Case; and it is

**FURTHER RESOLVED**, that each of the aforementioned retained advisors of the Companies is hereby authorized to take any and all actions necessary, appropriate, advisable, or desirable to advance the Companies' rights and obligations and facilitate the commencement of the Chapter 11 Cases; and it is

## CASH COLLATERAL

**FURTHER RESOLVED**, that in connection with the commencement of the Chapter 11 Cases, the Authorized Officers be, and, hereby is, authorized, directed and empowered, on behalf of and in the name of the Companies, as debtor and debtor in possession, to negotiate, execute, and deliver agreements for the use of cash collateral in connection with the Chapter 11 Cases, which agreement(s) may require the Companies to acknowledge the debt and liens of existing loans, grant liens and pay interest to the Companies' existing lender(s); and in connection therewith, the Authorized Officer be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Companies, to execute appropriate agreements and related ancillary documents; and it is

## STORE CLOSING SALE

**FURTHER RESOLVED**, that the Authorized Officer be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Companies, to retain Hilco Merchant Resources, LLC (the "Consultant") to conduct "store closing sales" solely at the Companies' retail stores (the "Store Closing Sale"), if any, in connection with the commencement of the Chapter 11 Cases and to provide consulting services relating thereto; and, in connection therewith, that the Authorized Officer be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Companies, to execute a consulting agreement with the Consultant and related ancillary documents to effectuate the aforementioned sale; and it is

**FURTHER RESOLVED**, that the Authorized Officer be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Companies, to (i) enter into

negotiation with any interested parties regarding a purchase of any or all of the assets of the Companies not subject to the Store Closing Sale (of any kind) (a "<u>Non-Store Closing Sale</u>"), (ii) enter into such additional agreements, consents, certificates, amendments, and instruments as may be necessary to obtain  approval for the transactions contemplated thereby, (iii) if the Authorized Officer deems it necessary or appropriate, seek approval from the Bankruptcy Court for authority under the Bankruptcy Code and any other relevant or applicable federal, state, local, or non-U.S. law to sell such assets in a Non-Store Closing Sale, (iv) organize and manage a sales process for such assets, which may take the form of an auction or any other process which may include the identification of a stalking horse bidder, and (v) enter into such additional agreement, consents, certificates, amendments, and instruments as may be necessary to obtain approval for and effect the transactions contemplated thereby; and it is

## GENERAL AUTHORIZATION AND RATIFACTION

**FURTHER RESOLVED,** that all documents, agreements, and instruments executed and delivered, and any and all acts, actions, and transactions relating to the matters contemplated by the resolutions herein done in the name of and on behalf of the Companies, which acts would have been approved by the resolutions herein except that such actions were taken before these resolutions were approved and adopted, are hereby in all respects approved and ratified; and it is

**FURTHER RESOLVED,** that the Authorized Officer be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Companies, to perform the obligations of the Companies under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Officer performing or executing the same shall approve, the taking or execution thereof by the Authorized Officer being conclusive evidence of the approval thereof by the Authorized Officer and the Companies; and it is

**FURTHER RESOLVED,** that the Authorized Officer be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Companies, to cause the Companies to enter into, execute, deliver, certify, file, record, and perform under such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, to pay all expenses, including filing fees, and to take such other actions as in the judgment of the Authorized Officer, shall be necessary, appropriate, advisable, or desirable to prosecute a successful completion of the Chapter 11 Cases and to effectuate the restructuring or liquidation of the Companies' debts, other obligations, organizational form and structure, and ownership of the Companies, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of which the foregoing resolutions, and the transactions contemplated by these resolutions, the authority thereunto to be evidenced by the taking of such actions; and it is

**FURTHER RESOLVED**, that the Authorized Officer be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Companies, to take such actions and execute and deliver such documents as may be required or as the Authorized Officer may determine to be necessary, appropriate, advisable, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including, without limitation, the execution and delivery of any consents, resolutions, petitions, schedules, lists, declarations,

affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as the Authorized Officer shall approve, the taking or execution thereof by the Authorized Officer being conclusive evidence of the approval thereof by the Authorized Officer and the Companies; and it is

**FURTHER RESOLVED,** that these resolutions are to be placed in the official records of the Companies to document the actions set forth herein as actions taken by the undersigned, Managers; and it is

**FURTHER RESOLVED**, that facsimile, photostatic, or other electronic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals.

[*Signature Page Follows*]

**IN WITNESS WHEREOF**, the undersigned, constituting all of managers of the Companies, hereby executed and delivered this Written Consent effective as of the date first set forth above.

**HDC HOLDINGS II, LLC**

By: Treasure Intermediate LLC, its manager,

By: Treasure Topco LLC, its managers,

By: /s/

Name:  Benjamin L. Nortman
Title:  Manager

By: /s/

Name:  Jeffrey B. Hecktman
Title:  Manager

By: /s/

Name:  John P. Chen
Title:  Manager

By: /s/   Evan Behrens

Name:  Evan Behrens
Title:  Manager

By: /s/

Name:  Steven Wisch
Title:  Manager

By: /s/

Name:  William L. Cornog
Title:  Manager

**HDC HOLDINGS III, LLC**

By: HDC Holdings II, LLC, its manager,

By: Treasure Intermediate LLC, its manager,

By: Treasure Topco LLC, its managers,

By: /s/
Name:  Benjamin L. Nortman
Title:  Manager

By: /s/
Name:  Jeffrey B. Hecktman
Title:  Manager

By: /s/
Name:  John P. Chen
Title:  Manager

By: /s/
Name:  Evan Behrens
Title:  Manager

By: /s/
Name:  Steven Wisch
Title:  Manager

By: /s/
Name:  William L. Cornog
Title:  Manager

[SIGNATURE PAGE TO WRITTEN CONSENT OF THE MANAGERS]

**SCHEDULE I ENTITIES**

By: HDC Holdings III, LLC, its manager,

By: HDC Holdings II, LLC, its manager,

By: Treasure Intermediate LLC, its manager,

By: Treasure Topco LLC, its managers,

By: _/s/_ _____
Name:  Benjamin L. Nortman
Title:  Manager

By: _/s/_ _____
Name:  Jeffrey B. Hecktman
Title:  Manager

By: _/s/_ _____
Name:  John P. Chen
Title:  Manager

By: _/s/_ Evan Behrens _____
Name:  Evan Behrens
Title:  Manager

By: _/s/_ _____
Name:  Steven Wisch
Title:  Manager

By: _/s/_ _____
Name:  William L. Cornog
Title:  Manager

[SIGNATURE PAGE TO WRITTEN CONSENT OF THE MANAGERS]

## SCHEDULE I

CAL Support Services, LLC
CCM Capital Assets, LLC
CCM Support Services, LLC
CCM Wholesale, LLC
CCM Wholesale SE, LLC
Channel Control Merchants, LLC
Channel Control Merchants of California, LLC
Channel Control Merchants of Texas, LLC
Creative Sales Solutions, LLC
Dirt Cheap I, LLC
Dirt Cheap Arkansas, LLC
Dirt Cheap Building Supplies, LLC
Dirt Cheap of Georgia, LLC
Dirt Cheap of Louisiana, LLC
Dirt Cheap SE, LLC
Dirt Cheap Tennessee, LLC
Treasure Hunt, LLC

| Fill in this information to Identify the case: |
| --- |
| Debtor Name:   HDC Holdings II, LLC |
| United States Bankruptcy Court for the:      District of Delaware |
| Case Number (If known):      24-xxxx1 |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | TARGET CORP. SALVAGE DEPT. 1000 NICOLLET MALL TPN-1301 MINNEAPOLIS, MN  55403 | CONTACT: MAGGIE HENDERSON PHONE: (612) 978-3610 CORPORATERESPONSIBILITY @TARGET.COM | TRADE DEBT | | | | $15,621,621.81 |
| 2 | AMAZON.COM SERVICES LLC 410 TERRY AVE N SEATTLE, WA  98109 | CONTACT: ANDREW DEVORE PHONE: (206) 266-1000 FAX: 206266-1821 ADEVORE@AMAZON.COM | TRADE DEBT | Contingent, unliquidated | | | $5,484,663.59 |
| 3 | THE RECON GROUP LLC 20200 W. DIXIE HWY, SUITE 1005 AVENTURA, FL  33180 | CONTACT: JENNIFER MAVER PHONE: (786) 231-6685 IMAVER@GOTRG.COM | TRADE DEBT | | | | $799,621.67 |
| 4 | MINGLEWOOD PROPERTIES LTD 205 NORTH WASHINGTON AVENUE MARSHALL, TX  75670 | CONTACT: JACOB WILLIAMSON PHONE: (901) 356-9513 JWILLIAMSON@CRAWFORDS Q.COM | TRADE DEBT | | | | $756,957.30 |
| 5 | MACYS-BLOOMINGDALES 301 GOVERNORS HIGHWAY SOUTH WINDSOR, CT  06074 | CONTACT: CHIEF FINANCIAL OFFICER SUPPLIERDIVERSITY@MACYS. COM | TRADE DEBT | Contingent, unliquidated | | | $499,703.04 |
| 6 | SALESFORCE.COM INC 415 MISSION ST, 3RD FLOOR SAN FRANCISCO, CA  94105 | CONTACT: AUSTIN GREENE PHONE: (253) 861-2288 FAX: 415901-7040 AUSTIN.GREENE@SALESFORC E.COM | TRADE DEBT | | | | $429,492.93 |

Debtor:  HDC Holdings II, LLC

Case Number  (if known):  24-xxxx1

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7   ERNST & YOUNG US LLP 55 IVAN ALLEN JR BLVD NW SUITE 1000 ATLANTA, GA  30308 | CONTACT: TREVOR DOSTIE PHONE: (212) 773-3000 FAX: 404817-4301 TREVOR.DOSTIE@EY.COM | TRADE DEBT | | | | $335,007.50 |
| 8   ACADEMY SPORTS  OUTDOORS, INC 1800 NORTH MASON RD KATY, TX  77449 | CONTACT: STEVE LAWRENCE PHONE: (281) 646-5200 CUSTOMERSERVICE@ACADE MY.COM | TRADE DEBT | | | | $310,739.62 |
| 9   CLASSIC BRANDS LLC 8901 SNOWDEN RIVER PARKWAY COLUMBIA, MD  21046 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: (301) 953-1133 FAX: 888637-1943 | TRADE DEBT | Contingent, unliquidated | | | $277,543.92 |
| 10   CORPORATE BILLING, LLC 239 JOHNSTON ST SE DECATUR, AL  35601 | CONTACT: JUSTIN LUNDAY PHONE: (662) 268-2827 FAX: 256584-3680 JLUNDAY@BIGM.COM | TRADE DEBT | | | | $270,009.64 |
| 11   SUNSET FOREST PRODUCTS, INC 5573 SW ARCTIC DR BUILDING C BEAVERTON, OR  97005 | CONTACT: CLARA SHANNON PHONE: (661) 271-3188 RECEIVABLES@SUNSETFORES T.COM | TRADE DEBT | | | | $258,829.00 |
| 12   VIKING FOREST PRODUCTS LLC 7480 FLYING CLOUD DR SUITE 400 EDEN PRAIRIE, MN  55344 | CONTACT: TRENT PALM PHONE: (952) 567-7827 TRENT@VIKINGBUILDINGPRO DUCTS.COM | TRADE DEBT | | | | $257,072.54 |
| 13   NORDSTROM, INC. 1700 7TH AVENUE SEATTLE, WA  98101 | CONTACT: GREG UNDERWOOD PHONE: (206) 628-2111 FAX: 206628-1795 GREG.UNDERWOOD@NORDS TROM.COM | TRADE DEBT | Contingent, unliquidated | | | $243,336.79 |
| 14   KENCO LABEL & TAG CO. LLC 6543 N. SIDNEY PLACE MILWAUKEE, WI  53209 | CONTACT: DEE FELIX PHONE: (414) 269-2263 FAX: 414352-6533 DEE@KENCOLABEL.COM | TRADE DEBT | | | | $214,827.56 |
| 15   DICKS SPORTING GOODS, INC. 345 COURT STREET CORAOPOLIS, PA  15108 | CONTACT: MARK RUDOLPH PHONE: (724) 273-1516 FAX: 412788-8140 MARK.RUDOLPH@DCSG.CO M | TRADE DEBT | | | | $208,109.00 |
| 16   LOWES 1000 LOWES BLVD MOORESVILLE, SC  28117 | CONTACT: LAURA CHARTRAND PHONE: (262) 623-7556 FAX: 704426-5889 LAURA.CHARTAND@LOWES. COM | TRADE DEBT | Contingent, unliquidated | | | $206,123.00 |
| 17   INMAR SUPPLY CHAIN SOLUTIONS, LLC 635 VINE STREET WINSTON-SALEM, NC  27101 | CONTACT: SPENCER BAIRD PHONE: (336) 770-3530 FAX: 336770-3520 SPERNCERBRAD@INMAR.CO M | TRADE DEBT | | | | $198,000.33 |

Debtor:  HDC Holdings II, LLC      Case Number (if known):  24-xxxx1

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 CONCORD USA LLC<br>509 2ND AVE SOUTH<br>HOPKINS, MN  55343 | CONTACT: JEANELL KRUPNICK<br>PHONE: (952) 241-1090<br>JEANELL.KRUPNICK@CONCORDUSA.COM | TRADE DEBT | | | | $191,690.00 |
| 19 SCHNEIDER NATIONAL CARRIERS, INC<br>3300 INTERNATIONAL PARK DR SE<br>ATLANTA, GA  30316 | CONTACT: AUSTIN CARL<br>PHONE: (920) 357-4421<br>CARLA@SCHNEIDER.COM | TRADE DEBT | | | | $166,726.64 |
| 20 CSS INC.<br>35 LOVE LANE<br>NETCONG, NJ  07857 | CONTACT: MICHELE BENSON<br>PHONE: (973) 364-1118<br>MICHELE@CSSINCUSA.COM | TRADE DEBT | | | | $154,187.54 |
| 21 24/7 SHOP AT HOME INC.<br>20450 BUSINESS PKWY<br>CITY OF INDUSTRY, CA  91789 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: (626) 363-9307<br>CUSTOMERSERVICE@247SHOPATHOME.COM | TRADE DEBT | | | | $129,877.50 |
| 22 BLUE MOUNTAIN INDUSTRIAL PARK, LLC<br>HUDSON POINTE<br>MONSEY, NY  10952 | CONTACT: ALLEN FISCHER<br>PHONE: (929) 441-0300<br>AI.LANDMARKREALTY@GMAIL.COM | TRADE DEBT | | | | $129,173.57 |
| 23 HOME DEPOT<br>2455 PACES FERRY RD SE<br>ATLANTA, GA  30339 | CONTACT: JORGE VALAREZO<br>PHONE: (404) 394-4314<br>FAX: 770384-5552<br>JORGERVALAREZO@HOMEDEPOT.COM | TRADE DEBT | | | | $103,967.63 |
| 24 FIXTURE ZONE, INC.<br>251 E. UNIVERSITY DRIVE<br>PHOENIX, AZ  85004 | CONTACT: CHARLES SACKS<br>CHARLES@THEFIXTUREZONE.COM | TRADE DEBT | | | | $101,560.21 |
| 25 TOTAL QUALITY LOGISTICS LLC<br>125 S CLARK ST SUITE 500<br>CHICAGO, IL  60603 | CONTACT: MAGGIE MERCADO<br>MMERCADO@TQL.COM | TRADE DEBT | | | | $101,509.00 |
| 26 AFCO<br>310 GRANT ST  1600<br>PITTSBURGH, PA  15219 | CONTACT: ROLIN SALINAS<br>PHONE: (800) 288-6901<br>FAX: 412402-3878<br>RSALINAS@AFCODIRECT.COM | TRADE DEBT | | | | $100,987.33 |
| 27 ON PARTNERS<br>102 FIRST STREET, SUITE 201<br>HUDSON, OH  44236 | CONTACT: GREG KLEEH<br>PHONE: (404) 945-4135<br>GREG@ONPARTNERS.COM | TRADE DEBT | | | | $96,350.00 |
| 28 STAPLES 960<br>500 STAPLES DR<br>FRAMINGHAM, MA  01702 | CONTACT: JOHN LEDERER<br>PHONE: (508) 253-5000<br>FAX: (508) 253-8951<br>SUPPORT@ORDERS.STAPLES.COM | TRADE DEBT | | | | $95,730.31 |
| 29 SYNERGY IT SOLUTIONS OF NYS, INC.<br>452 SONWIL DRIVE<br>CHEEKTOWAGA, NY  17427 | CONTACT: TIM GEKAS<br>PHONE: (716) 250-3200<br>CONTACTUS@SYNERGYITS.COM | TRADE DEBT | | | | $91,513.52 |
| 30 OMNIVEILLANCE<br>4201 VIENNA DR<br>PILOT HILL, CA  95664 | CONTACT: CHIEF FINANCIAL OFFICER | TRADE DEBT | | | | $82,833.52 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| HDC HOLDINGS II, LLC, *et al.*,[1] | Case No. 24-_____ (___) |
| Debtors. | (Joint Administration Requested) |

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (each, a "Debtor" and, collectively, the "Debtors") hereby state as follows:

1.  100% of the equity interests in Debtor Freedom HDC Holdings II, LLC is owned by non-debtor affiliate Treasure Intermediate LLC.

2.  100% of the equity interests in non-debtor affiliate Treasure Intermediate LLC is owned by non-debtor Treasure Topco LLC, ultimate parent of all Debtors.

3.  Debtor Freedom HDC Holdings II, LLC owns 100% of the equity interests in Debtor HDC Holdings III, LLC.

4.  Debtor HDC Holdings III, LLC owns 100% of the equity interests in the following Debtors:

    a.  CCM Capital Assets, LLC

    b.  Channel Control Merchants, LLC

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: HDC Holdings II, LLC (2013); HDC Holdings III, LLC (3296); CCM Capital Assets, LLC (9451); Channel Control Merchants, LLC (3319); Dirt Cheap I, LLC (9433): CCM Support Services, LLC (2059); CCM Wholesale SE, LLC (7219); Channel Control Merchants of Texas, LLC (8091); Creative Sales Solutions, LLC (1691); Dirt Cheap Arkansas, LLC (0244); Dirt Cheap Building Supplies, LLC (0880); Dirt Cheap of Georgia, LLC (0269); Dirt Cheap of Louisiana, LLC (0067); Dirt Cheap SE, LLC (4928); Dirt Cheap Tennessee, LLC (1273); Treasure Hunt, LLC (9393); CCM Wholesale, LLC (7219); Channel Control Merchants of California, LLC (9011); and CAL Support Services, LLC (2859).  The Debtors' headquarters are located at 6892 US Hwy 49 North, Hattiesburg, Mississippi 39402.

5. Debtor Channel Control Merchants, LLC owns 100% of the equity interests in the following Debtors:

    a.  CCM Support Services, LLC

    b.  CCM Wholesale SE, LLC

    c.  Channel Control Merchants of Texas, LLC

    d.  Creative Sales Solutions, LLC

    e.  Dirt Cheap Arkansas, LLC

    f.  Dirt Cheap Building Supplies, LLC

    g.  Dirt Cheap I, LLC

    h.  Dirt Cheap of Georgia, LLC

    i.  Dirt Cheap of Louisiana, LLC

    j.  Dirt Cheap SE, LLC

    k.  Dirt Cheap Tennessee, LLC

    l.  Treasure Hunt, LLC

6. Debtor Dirt Cheap I, LLC owns 100% of the equity interests in the following Debtors:

    a.  CCM Wholesale, LLC

    b.  Channel Control Merchants of California, LLC

7. Debtor Channel Control Merchants of California, LLC owns 100% of the equity interests in Debtor CAL Support Services, LLC.

**Fill in this information to identify the case:**

Debtor name        **Channel Control Merchants, LLC**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)               

☐ Check if this is an amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.    Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.    Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.    18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule* _____
☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒   Other document that requires a declaration    **Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **10/10/2024**      X   **/s/ Jeffrey Martin**
                                   Signature of individual signing on behalf of debtor

                                   **Jeffrey Martin**
                                   Printed name

                                   **Chief Restructuring Officer**
                                   Position or relationship to debtor