THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HDC HOLDINGS II, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12307 (TMH)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 245 & 264 |

**ORDER (I) CONVERTING THE DEBTORS' CHAPTER 11 CASES TO CASES UNDER CHAPTER 7; (II) ESTABLISHING A DEADLINE FOR FILING FINAL CHAPTER 11 FEE APPLICATIONS; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for the entry of an order (this "Order"), pursuant to section 1112(a) of the Bankruptcy Code: (i) converting these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code; (ii) establishing a deadline for filing final chapter 11 fee applications; and (iii) granting related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and proper and adequate notice of the Motion and the hearing thereon having been given; and it appearing that no other or further notice being necessary; and this Court having

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: HDC Holdings II, LLC (2013); HDC Holdings III, LLC (3296); CCM Capital Assets, LLC (9451); Channel Control Merchants, LLC (3319); Dirt Cheap I, LLC (9433); CCM Support Services, LLC (2059); CCM Wholesale SE, LLC (7219); Channel Control Merchants of Texas, LLC (8091); Creative Sales Solutions, LLC (1691); Dirt Cheap Arkansas, LLC (0244); Dirt Cheap Building Supplies, LLC (0880); Dirt Cheap of Georgia, LLC (0269); Dirt Cheap of Louisiana, LLC (0067); Dirt Cheap SE, LLC (4928); Dirt Cheap Tennessee, LLC (1273); Treasure Hunt, LLC (9393); CCM Wholesale, LLC (7219); Channel Control Merchants of California, LLC (9011); and CAL Support Services, LLC (2859). The Debtors' headquarters are located at 6892 US Hwy 49 North, Hattiesburg, Mississippi 39402.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

previously entered that certain *Order (I) Authorizing the Debtors to Submit the Conversion Order Under Certification of Counsel Upon the Conclusion of the Store Closing Sales and Other Disposition Efforts and (II) Granting Related Relief* (the "Initial Order"); and the Initial Order having authorized the Debtors to seek entry of this Order under certification of counsel (the "Certification of Counsel"); and it appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and this Court having reviewed the Certification of Counsel; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. Effective as of the date of the entry of this Order, these Chapter 11 Cases are converted to cases under chapter 7 of the Bankruptcy Code.

3. Professionals shall file final statements and applications for compensation (including, without limitation, fees and expenses that are not the subject of any previous application, and any "holdback" retained in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [D.I. 115]) (collectively, the "Fee Applications") on or before 4:00 p.m. (ET) on the date that is forty-five (45) days after entry of this Order. Objections, if any, to a Fee Application must be filed and served on counsel to the Debtors and the party filing such Fee Application, so as to be actually received on or before the date that is fourteen (14) days after the subject Fee Application is filed. A hearing on such filed final Fee Applications shall be held before this Court on March 5, 2025 at 11:00 a.m. (ET) (the "Fee Hearing").

2

4. To the extent that the Court approves a Fee Application following entry of this Order, all amounts owed for professional fees and expenses approved under any such Fee Application shall be paid as follows: (a) first, from each professional's retainer to the extent such retainer exists; and (b) second, from the escrow account maintained by Young Conaway Stargatt & Taylor, LLP to satisfy amounts owed for professional fees and expenses.

5. The Debtors and their advisors shall:

    (a) within seven (7) days of entry of this Order, turn over to the chapter 7 trustee appointed in the chapter 7 cases all records and property of the estates under their custody and control as required by Bankruptcy Rule 1019(4);

    (b) within fourteen (14) days of entry of this Order, as required by Bankruptcy Rule 1019(5), file a schedule of unpaid debts incurred after the Petition Date and before the Conversion Date, which schedule shall include the name and address of each creditor holding any such debt; and

    (c) within thirty (30) days of entry of this Order, as required by Bankruptcy Rule 1019(5), file and transmit a final report and account to the U.S. Trustee.

6. The Committee shall be dissolved upon entry of this Order; *provided, however*, that following entry of this Order, the Committee shall continue in existence and have standing and a right to be heard only for the limited purpose of applications, and any relief related thereto, for compensation and requests for allowance and payment of fees and expenses of professionals retained by the Committee.

7. A representative of the Debtors and, if requested by the Chapter 7 trustee, counsel to the Debtors in these Chapter 11 Cases, shall appear at the first meeting of creditors after conversion of these Chapter 11 Cases to chapter 7 pursuant to sections 341(a) and 343 of the Bankruptcy Code, and such Debtor representative shall be available to testify at such meeting.

8. Nothing in this Order or the conversion of these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code shall affect or modify the findings or terms of the Final

3

Cash Collateral Order or any order of this Court (or documents related thereto) entered during these Chapter 11 Cases, including the Store Closing Order and the Final Cash Collateral Order, and all rights and remedies in connection with such orders shall be preserved in their entirety.

9. The chapter 7 trustee's rights and powers to investigate and review prepetition and postpetition transactions involving, and actions taken by, insiders and third parties, including without limitation in relation to transactions and actions involving Channel Control Merchant Corporation or its assets, are hereby reserved in all respects.

10. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

*Thomas M. Horan*

**Dated: December 23rd, 2024**  
**Wilmington, Delaware**

**THOMAS M. HORAN**  
**UNITED STATES BANKRUPTCY JUDGE**

4